IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**WILLIE T. ROUNDS,**                                                3:10-CV-01496-BR

        **Plaintiff,**                                           OPINION AND ORDER

v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social**
**Security,**

        **Defendant.**


**JAMES S. COON**
Swanson Thomas & Coon
820 S.W. Second Avenue
Suite 200
Portland, OR 97204
(503) 228-5222

        Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**BRETT EDWARD ECKELBERG**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

      Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Willie T. Rounds seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

    Plaintiff filed an application for DIB on August 24, 2005, alleging a disability onset date of April 24, 2004.  Tr. 11.[1]
The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on April 16, 2008.

---

[1] Citations to the official transcript of record filed by the Commissioner on April 12, 2011, are referred to as "Tr."

2 - OPINION AND ORDER

Tr. 499-548. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on May 29, 2008, in which he found Plaintiff was not disabled and, therefore, was not entitled to benefits. Tr. 8-20. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Plaintiff appealed the decision of the Commissioner to this Court.

On November 23, 2009, Judge Malcolm F. Marsh issued an Order for Remand in which he remanded the matter for further proceedings and directed the ALJ to

> 1) update the record regarding Plaintiff's impairments; 2) further evaluate the medical source opinions of Kusum Kumar, M.D., and Morad Daniel, M.D.; 3) determine the severity of Plaintiff's migraines and determine what functional limitations they cause, if any; 4) reevaluate Plaintiff's residual functional capacity; and, 5) continue with the remaining steps of the sequential evaluation, obtaining supplemental vocational expert evidence consistent with the Dictionary of Occupational Titles, if necessary, to clarify the effect of the assessed limitations on Plaintiff's occupational base.

Tr. 570-71.

On remand the ALJ conducted a new hearing on August 18, 2010, at which Plaintiff and a VE testified. The ALJ issued a decision on August 26, 2010, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 549-64. The ALJ's decision became the final decision of the

3 - OPINION AND ORDER

Commissioner when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on August 14, 1971; was 36 years old at the time of the first hearing; and was 39 years old at the time of the second hearing.  Tr. 206.  Plaintiff completed high school and a number of college courses.  Tr. 89.  Plaintiff has past relevant work experience as an electrician, cleaner, laborer, mail handler, telemarketer, fast-food cashier, cable installer, speaker solderer, wafer-board laborer, and janitor.  Tr. 562.

Plaintiff alleges disability due to Post-Traumatic Stress Disorder (PTSD) and "back/foot problems."  Tr. 85.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 554-56, 558-60.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins*, 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the

5 - OPINION AND ORDER

Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R.

6 - OPINION AND ORDER

§ 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Soc. Sec. Ruling (SSR) 96-8p. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

7 - OPINION AND ORDER

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

On remand at Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since his April 4, 2004, onset date.  Tr. 554.

At Step Two, the ALJ found Plaintiff has the severe impairments of "generalized anxiety disorder, somatoform disorder NOS, personality disorder NOS, with narcissistic and dependent features, and migraines."  Tr. 554.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix

8 - OPINION AND ORDER

1.  Tr. 240.  The ALJ found Plaintiff has the RFC to perform light work "except that he should work in an environment that minimizes significant contact with the public and avoids highly stressful situations with significant production demands . . . [and] avoid concentrated exposure to loud background noise."  Tr. 557.

At Step Four, the ALJ found Plaintiff is capable of performing his past relevant work as a speaker solderer as he actually performed that job.  Tr. 562-63.

At Step Five, the ALJ found in the alternative that Plaintiff can also perform jobs that exist in significant numbers in the national economy.  Tr. 563.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred (1) when he improperly rejected Plaintiff's testimony, (2) at Step Four when he "accept[ed] vocational testimony that was not . . . consistent with the Dictionary of Occupational Titles," and (3) at Step Five when he relied on the VE's testimony.

**I.  The ALJ did not err when he rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to give specific reasons supported by the record for rejecting Plaintiff's testimony.

9 - OPINION AND ORDER

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

Plaintiff asserts he is unable to work due to back and foot pain, migraines, difficulties with concentration and focus, anxiety, irritability, and depression.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to produce some of the alleged symptoms," but Plaintiff's "statements concerning the

10 - OPINION AND ORDER

intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC]." Tr. 557.

As to Plaintiff's allegation of back pain, the ALJ noted x-rays of Plaintiff's spine were normal and examining physician Ronald R. Woodruff, M.D., reported he "would not expect loss of motion" in Plaintiff's spine.  Tr. 262, 558.

As to Plaintiff's allegations of foot pain, the ALJ noted x-rays of Plaintiff's feet were normal, and Dr. Woodruff did not find any orthopedic condition that would render Plaintiff unemployable.  Tr. 262, 558.

The ALJ also noted even though Plaintiff was diagnosed with PTSD by examining psychologist Juliana Ee, Ph.D., Plaintiff did not follow through with regular treatment.  Plaintiff did not attend PTSD group counseling sessions, frequently missed appointments with his counselor Katty Elliot, and did not take prescribed medication.  Moreover, Elliot reported Plaintiff's "mood disorder" was resolved.  Tr. 348, 358, 370, 372, 377, 383, 559.  In addition, Michael Leland, Psy.D., examining neuropsychologist, noted there was "not a clear indication of [PTSD]," and Plaintiff's MMPI-2 scores did not show elevated PTSD scales.  Tr. 335, 337, 559.  Dr. Leland did not diagnose Plaintiff with PTSD.

The ALJ also noted Plaintiff reported he has taken 12 course

11 - OPINION AND ORDER

units per quarter at Portland Community College since Fall 2006, he goes to school three to four days a week, and works up to 30 hours per week outside of his classes.  Tr. 561.

Plaintiff also failed to report to the Portland Housing Authority (PHA) the increase in his disability benefits from the Veterans Administration (VA), and, as a result, Plaintiff likely violated his contract with the PHA.  Tr. 415, 562.  In addition, he failed to report the increase in his VA benefits to the Oregon Department of Health from which he was receiving food stamps based on his income level.  Tr. 415, 562.

On this record the Court finds the ALJ did not err when he rejected Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms because the ALJ provided legally sufficient reasons based on substantial evidence in the record for doing so.

**II.  The ALJ did not err when he relied on VE testimony.**

Plaintiff contends the ALJ erred when he accepted vocational testimony that was not consistent with the Dictionary of Occupational Titles (DOT).  Specifically, Plaintiff contends the ALJ erred when he accepted the testimony of the VE that Plaintiff could perform his past relevant work as a speaker solderer.  Plaintiff notes the VE testified Plaintiff had past work in "speaker repair" and that job corresponded with an occupation listed in the DOT.  Tr. 699.  The VE classified that work at the

12 - OPINION AND ORDER

medium exertional level as generally performed.  Nevertheless, the VE also testified Plaintiff actually performed his past relevant work as a speaker solderer at the light level.

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as *actually* performed or as generally performed in the national economy.'"  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008)(quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)).  Although the burden of proof lies with the plaintiff at Step Four, the ALJ has a duty to make the requisite factual findings to support his conclusion.  SSR 82-62.  *See* 20 C.F.R. §§ 404.1571, 404.1574, and 404.1565.  The ALJ must make these findings based on "'the [RFC] and the physical and mental demands' of the claimant's past relevant work."  *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001)(quoting 20 C.F.R. § 404.1520(e)).  VE testimony, although helpful, is not required.  *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).

The ALJ found Plaintiff could perform a full range of light work, which involves lifting no more than ten pounds frequently and twenty pounds occasionally.  20 C.F.R. § 404.1567(b).  Plaintiff testified his speaker-solderer job required him to sit for eight hours a day, frequently lift ten pounds, and occasionally lift 20 pounds.  Tr. 148.

13 - OPINION AND ORDER

Accordingly, the Court concludes the ALJ did not err when he relied on the VE's testimony and concluded Plaintiff could perform his past relevant work as a speaker solderer as he actually performed it because the ALJ provided legally sufficient reasons based on substantial evidence in the record for doing so.

Because the Court has concluded the ALJ did not err at Step Four when he concluded Plaintiff could perform his past relevant work as a speaker solderer, the Court need not address the ALJ's alternative finding that Plaintiff could perform jobs that exist in significant numbers in the national economy.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 7th day of February, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER